### CLEVELAND RY CO v VIRANT

Ohio Appeals, 8th Dist, Cuyahoga Co
No 11244. Decided Mar 16, 1931

SHERICK, PJ, LEMERT and MONTGOMERY, JJ, (5th Dist) sitting.

Squire, Sanders & Dempsey, Cleveland, for Ry Co.

M. C. Harrison, Cleveland, for Virant.

LEMERT, J.

In determining the first ground of error, it becomes necessary for us to examine the record before us and we note that the defendant claims and contends that there was no evidence of negligence and even if there was evidence of negligence there was no evidence that such negligence was the proximate cause of the plaintiff's injuries.

A careful examination of the record in the case before us discloses that this claim and contention is not well founded.

Bearing and keeping in mind, as shown by the record, that the defendant was a public carrier and under the facts and circumstances disclosed in the instant case, was bound to exercise the highest degree of care for the safety of plaintiff and the other school children who were passengers upon defendant's bus.

It is observed from the record that defendant provided a bus that was not able to carry its heavy load over the viaduct and the defendant well knew that it would encounter such difficulty. The record discloses that when it was discovered that the motor bus could not pull up the grade, the passengers, including this plaintiff, were ordered out and the plaintiff, with others, was ordered out into the public street so that the question was properly submitted to the jury as to whether or not the bus driver, in thus ordering plaintiff and the other children out in the street, was exercising the highest possible degree of care for their safety, particularly in view of the fact that he left them out in such place that about half of them ran along behind or beside the bus in the paved roadway.

In any event, it cannot be doubted but that the defendant was negligent in driving on down the incline with one group of the children swarming and running along side the bus with the door open.

Counsel have argued that even if there was evidence of negligence it was not the proximate cause of plaintiff's injuries. The issue of proximate cause is usually and ordinarily one for the jury and we see no reason why that is not true in the case at bar. There cannot be any doubt but what the driver of the bus could see that the children, including plaintiff, were making a rush for the bus which had not stopped but was moving along with its door open and well knowing that some of the children had already climbed into the bus.

We are not unmindful of the fact that these children, including plaintiff, had already paid their fares and they were not bound to wait until the next bus.

It appears from the record that the defendant company, by the driver of the bus, continued to operate the same after he knew that the motor was not working properly and it was certainly a jury issue as to whether the bus should have waited until the next one came along to take its load of passengers. So that upon the second claimed ground of error we find and hold that upon the record, and considering all the evidence that had been introduced in the case, that the court below was justified in submitting the various specifications to the jury, and that there was sufficient evidence upon each of the specifications submitted, to warrant the submission of the same.

There being no other claimed error presented for our consideration, we find and hold that there is no error in the record submitted to us, and the finding and the judgment of the court below will be, and the same is hereby affirmed.

Exceptions may be noted.

SHERICK, PJ, MONTGOMERY, J, concur.